# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KACE PLEASANT,

Petitioner, : Case No. 1:26-cv-00389

\- vs - District Judge Jeffery P. Hopkins
Magistrate Judge Michael R. Merz

ANGELA STUFF, WARDEN,
Richland Correctional Institution,

:

Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Kace Pleasant to obtain relief from his conviction in the Lawrence County Court of Common Pleas and his consequent imprisonment. The case is ripe for report and recommendations on the Petition (ECF No. 4), the State Court Record (ECF No. 9), the Return of Writ (ECF No. 10), and Petitioner's Traverse (ECF No. 17).

The Attorney General has advised the Court that after the Petition was filed, Petitioner was transferred to the Richland Correctional Institution where the Warden is Angela Stuff. Warden Stuff is accordingly, pursuant to Fed.R.Civ.P. 25, substituted for Warden Martin as the Respondent and the caption is amended as set forth above.

**Litigation History**

On November 1, 2022, Petitioner was indicted by a Lawrence County grand jury on six counts alleged to have occurred on or about October 25 and 26, 2022: (1) aggravated murder in violation of Ohio Revised Code § 2903.01(A) with a firearm specification; (2) murder in violation of Ohio Revised Code § 2903.02(A) with a firearm specification; (3) abuse of a corpse in violation of Ohio Revised Code § 2927.01(B); (4) tampering with evidence in violation of Ohio Revised Code § 2921.12(A)(1); (5) failure to comply with an order or signal of a police officer in violation of Ohio Revised Code § 2921.331(B) and (C)(5)(a)(ii); and (6) theft of a motor vehicle in violation of Ohio Revised Code § 2913.02(A)(1) and (B)(5)(Indictment, State Court Record ECF No. 9, Ex. 1). A later indictment for one count of robbery in violation of Ohio Revised Code § 2911.02(A)(2) and one count of kidnapping in violation of Ohio Revised Code § 2905.01(A)(2) was consolidated for trial.

In Case No. 22 CR 374, on the State's motion, the court dismissed the murder count and instructed the jury on murder as a lesser included offense of aggravated murder. The jury found Pleasant guilty of that count and the remaining counts and firearm specification in that case and guilty of both counts in Case No. 23 CR 165. The trial court merged the kidnapping count into the robbery count for sentencing purposes and sentenced Pleasant to life without parole for murder plus additional terms for the other convictions.

With new counsel, Pleasant appealed to the Ohio Fourth District Court of Appeals in both cases. The appeals were consolidated on his motion and he pleaded six assignments of error as follows:

> **Assignment of Error I.** The verdicts for aggravated murder and theft of a motor vehicle, which are supported by insufficient evidence, violated Appellant Pleasant's constitutional rights as guaranteed by the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Sections 10 and 16 of the Ohio Constitution.
>
> **Assignment of Error II**. Appellant Pleasant's convictions were against the manifest weight of the evidence. U.S. Const. Amends. V, VI, and XIV; Article I, §§ 5, 9, and 16 of the Ohio Constitution.
>
> **Assignment of Error III**. The trial court erred in denying Appellant Pleasant' s Motion to Suppress as the evidence gathered was done so without consent and the statements made were unlawfully obtained. U.S. Const. Amends. IV, V, VI, XIV; Ohio Const. Art. I, §14.
>
> **Assignment of Error IV.** The trial court erred in consolidating cases 23 CR 165 and 22 CR 374 and granting the State's motion in limine, depriving Appellant Pleasant of a fair trial. U.S. Const. Amends. V, VI, XIV; Ohio Const. Art. I, § § 10 and 16.
>
> **Assignment of Error V.** Appellant Pleasant received ineffective assistance of counsel when his attorney: 1) did not file a motion in limine objecting to the introduction of inadmissible and prejudicial evidence and 2) failed to call the correct witnesses, thereby undercutting Pleasant's defense. U.S. Const. Amends. V, VI, XIV; Ohio Const. Art. I, §§10, 14; Evid. R. 404(B).
>
> **Assignment of Error VI.** Prosecutorial misconduct during the trial denied Pleasant his rights under Article I, §§ 5, 9, 10, and 16 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

Appellant's Brief, State Court Record, ECF No. 9, Ex. 21, PageID 130-31. All the assignments of error were overruled. *State v. Pleasant*, 262 N.E.3d 975, 2025-Ohio-115 (Ohio App. 4th Dist. Jan. 13, 2025).

Pleasant then appealed *pro se* to the Ohio Supreme Court, pleading the following Propositions of Law:

> **Proposition of Law No. I:** Relatives Have an Expectation of Privacy While Residing Within a Family Member's Residence Pursuant to OH. Const. Art. I,§ 14 and USCS Const. Amend. 4.
>
> **Proposition of Law No. II:** Defense Counsel Has a Duty to File a Motion in Limine and Object to Inadmissible and Prejudicial Evidence to Protect the Defendant's Right to a Fair Trial Under USCS Const. Amend. 14 and USCS Const. Amend. 6.

Memorandum in Support of Jurisdiction, State Court Record, ECF No. 9, Ex. 26, PageID 269.

The Ohio Supreme Court declined to exercise jurisdiction. *State v. Pleasant*, 178 Ohio St. 3d 147 (2025). Subsequently Pleasant filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 and for reopening of the appeal under Ohio R. App. P. 26(B), but did not appeal denial of either application.

Pleasant filed his Petition for Habeas Corpus *pro se* on April 20, 2026, pleading the following grounds for relief:

> **Ground One**: Petitioner Kace Pleasant Received Ineffective Assistance of Counsel in Violation of His Fifth, Sixth and Fourteenth Amendment rights of the U.S. constitution.
>
> **Supporting Facts**: Defense attorney James Roger Smith II, provided his client Kace Pleasant deliberate ineffective assistance of counsel by committing inconceivable errors throughout his defense. During trial and opening/closing arguments, Attorney Smith knowingly and deficiently allowed unfairly prejudicial testimony and evidence into trial. Attorney Smith also allowed malicious prosecutorial misconduct to unfairly occur during trial and never objected to such conduct therefore allowing his client Kace Pleasant's Sixth Amendment and Fourteenth Amendment rights under the U.S. constitution to be violated.
>
> **Ground Two**: Petitioner Kace Pleasant's right to a fair trial was constitutionally violated due to numerous acts of prosecutorial misconduct under the Fifth and Fourteenth Amendments of the U.S. Constitution.

> **Supporting Facts**: Throughout trial and during opening/closing arguments State of Ohio Prosecutor, Brigham Anderson unconstitutionally committed acts of prosecutorial misconduct by purposely infecting the minds of the jurors through deliberately misstating the evidence, inserting his own personal beliefs and making highly inflammable [sic] prejudicial comments. The prosecutor willingly infected the integrity of the trial thus directly violating Kace Pleasant's Fourteenth Amendment right to a fair trial.
>
> **Ground Three**: Verdicts for Aggravated Murder, Theft of a Motor Vehicle, and Failure to comply with a Signal of an Officer, Which are Supported by Insufficient Evidence, Violated Petitioner Pleasant's Constitutional Rights as Guaranteed by the Fifth, Sixth, and Fourteenth Amendments of the U.S. Constitution.
>
> **Supporting Facts**: Petitioner Kace Pleasant's convictions for Aggravated Murder, Theft of a Motor Vehicle, and Failure to comply with a Signal of an Officer are all supported by insufficient evidence as shown by the record. No gunpowder residue, blood or DNA from the victim were found anywhere on Kace Pleasant or his clothing. No murder weapon was ever recovered and no witness testified they saw Kace Pleasant with a weapon at any point of time. No time of death could be determined and the prosecutor could only speculate the time the victim was murdered. The Petitioner's whereabouts were not known at the speculated time of death. The Petitioner's alleged confession came from an unreliable witness. The Prosecutor could only speculate the reason the petitioner allegedly murdered the victim and if the victim was asleep. Evidence did not support the idea that Kace Pleasant did not have permission to use the vehicle belonging to his grandfather and a witness who lived in the area testified he saw Kace Pleasant frequently driving the vehicle. Kace Pleasant could not be convicted for failure to comply since officers testified they approached his vehicle in unmarked vehicles without their lights on and he did not have any obligation to stop.

Petition, ECF No. 4.

## Analysis

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Pleasant alleges he received ineffective assistance of trial counsel in that Attorney Smith (1) allowed unfairly prejudicial testimony and evidence into trial and (2) allowed malicious prosecutorial misconduct to unfairly occur during trial and never objected to such conduct (Petition, ECF No. 4).

Attorney Smith's failure to object to proffered testimony at trial and instances of prosecutorial misconduct would all have been apparent on the face of the appellate record in the trial transcript and thus they could have been raised on direct appeal, unlike ineffective assistance of trial counsel claims that a trial attorney, for example, failed to call a particular witness which would depend on evidence outside the record and would have to be brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21. However, Pleasant made no claim of ineffective assistance of trial counsel on direct appeal that included these claims. He did plead Assignment of Error V, but that related only to claims which were not available to adjudicate on the face of the record.

Claims of constitutional error which could have been raised on direct appeal but were not are barred from later adjudication by *res judicata*. Ohio's doctrine of *res judicata* in criminal cases, enunciated in *State v. Perry,* 10 Ohio St. 2d 175 (1967), is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir. 2001); *Byrd v. Collins*,

209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001). Pleasant's First Ground for Relief is barred by his procedural default in not presenting it to the Ohio court on direct appeal and should be dismissed on that basis.

**Ground Two: Prosecutorial Misconduct**

In his Second Ground for Relief, Petitioner alleges he was denied a fair trial by a number of instances of prosecutorial misconduct. Respondent asserts this ground for relief is barred by Petitioner's failure to contemporaneously object to those asserted instances of misconduct. Petitioner responds that the failure to object was the result of ineffective assistance of trial counsel (Traverse, ECF No. 17, PageID 1281).

While ineffective assistance of trial counsel can excuse a failure to object ineffectiveness claim must first be presented to and decided favorably in the ordinary course of state post-conviction process. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. MaCauley*, 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007).

As with Ground One, the claim that trial counsel was ineffective in failing to object to prosecutorial misconduct was available to be raised on direct appeal but was not. It is accordingly also barred by *res judicata* and should be dismissed.

**Ground Three: Insufficient Evidence**

In his Third Ground for Relief, Petitioner asserts that certain of the verdicts returned against him were not supported by sufficient evidence.

Pleasant presented an insufficient evidence claim to the Fourth District as his First Assignment of Error which that court decided as follows:

> {¶35} In the first assignment of error, Pleasant contends the verdicts for aggravated murder, failure to comply with an order or signal of a police officer, and theft of a motor vehicle are supported by insufficient evidence. In reviewing the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds as stated in State v. Smith*, 80 Ohio St.3d 89, 102, fn. 4, 684 N.E.2d 668 (1997), and following *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). "A sufficiency assignment of error challenges the legal adequacy of the state's prima facie case, not its rational persuasiveness." *State v. Anderson*, 2019-Ohio-395, 2019 WL 495499, ¶ 13 (4th Dist.). "That limited review does not intrude on the jury's role 'to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.' " *Musacchio v. United States*, 577 U.S. 237, 243, 136 S.Ct. 709, 193 L.Ed.2d 639 (2016), quoting *Jackson* at 319, 99 S.Ct. 2781. We will not overturn a conviction based on insufficient evidence " 'unless reasonable minds could not reach the conclusion that the trier of fact did.' " *State v. Cook*, 2019-Ohio-4745, 2019 WL 6137560, ¶ 15 (4th Dist.), quoting *State v. Bradshaw*, 2018-Ohio-1105, 2018 WL 1512846, ¶ 15 (4th Dist.)
>
> **A. Aggravated Murder**
>
> {¶36} R.C. 2903.01(A) states: "No person shall purposely, and with prior calculation and design, cause the death of another ...." The trial court instructed the jury that "[a] person acts purposely when it is his specific intention to cause a certain result" and that "[p]rior calculation and design" means that the purpose to cause the death was reached by a definite process of reasoning in advance of the homicide, which process of reasoning must have included a mental plan involving studied consideration of the method and the means or instrument with which to cause the death. To constitute or be prior calculation, there must have been sufficient time and opportunity for the planning of an act of homicide, and the circumstances surrounding the homicide must show a scheme designed to carry out

the calculated decision to cause the death. No definite period of time must elapse, and no particular amount of consideration must be given, but acting on the spur of the moment or after momentary consideration of the purpose to cause the death is not sufficient.

{¶37} There is no bright-line test for the presence or absence of prior calculation and design; " 'each case turns on the particular facts and evidence presented at trial.' " *State v. Walker*, 150 Ohio St.3d 409, 2016-Ohio-8295, 82 N.E.3d 1124, ¶ 19, quoting *State v. Taylor*, 78 Ohio St.3d 15, 20, 676 N.E.2d 82 (1997). However, courts traditionally consider three factors: " '(1) Did the accused and victim know each other, and if so, was that relationship strained? (2) Did the accused give thought or preparation to choosing the murder weapon or murder site? and (3) Was the act drawn out or "an almost instantaneous eruption of events?" ' " *Id.* at ¶ 20, quoting *Taylor* at 19, 676 N.E.2d 82, quoting *State v. Jenkins*, 48 Ohio App.2d 99, 102, 355 N.E.2d 825 (8th Dist. 1976).

{¶38} Pleasant contends there is no evidence he "planned ahead of time to kill his grandfather." Pleasant asserts that he helped his grandparents, that he had no prior physical confrontations with grandfather, that the family friend thought his threat to kill grandfather was just talk, that there is no evidence he knew grandfather discussed evicting him, and that the disagreement over the dog was "nothing over-the-top or unusual." Pleasant claims there is no evidence of thought or preparation in choosing the murder site or weapon. Pleasant asserts that he and grandfather simply lived in the same house, he was never seen with a gun, mother speculated that he stole one from her home, BCI could not identify the gun used in the shooting, and no gunshot residue, blood, or DNA was found on him. He also asserts there is no evidence the killing was drawn out and claims it appears to be the result of "an instantaneous eruption of events."

{¶39} Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Pleasant caused grandfather's death purposely and with prior calculation and design. There is evidence that Pleasant and grandfather knew each other and had a strained relationship. In the weeks leading up to the murder, grandfather and Pleasant both indicated there was tension between them. Pleasant told uncle that if grandfather "gets in my face one more time, you know, I'm going to hurt him real bad or he's going to be lucky I don't kill him." Grandfather told Chief Johnson that Pleasant had stolen from and threatened him and that he wanted Pleasant out of the house. Pleasant also told a family friend that he was "going to kill"

grandfather a couple times. The day of or day before the murder, Pleasant "was a little more enraged" when he again told the family friend that he was "going to kill" grandfather.

{¶40} A reasonable juror could also find that Pleasant considered the murder weapon and site and that the killing was not the result of an almost instantaneous eruption of events or momentary consideration. Pleasant talked about killing grandfather for weeks leading up to the murder, including the day of or before the murder. Evidence showed grandfather was in bed at the time of the murder. When Pleasant's father asked if grandfather was aware of what was going to happen to him, Pleasant said, "Yeah, he opened his eyes. He saw me. He was reaching for a weapon." This evidence suggests Pleasant brought a firearm to grandfather's bedroom for the purpose of shooting him to death there.

{¶41} For the foregoing reasons, we conclude there is sufficient evidence to support the aggravated murder verdict and overrule the first assignment of error to the extent it asserts otherwise.

**B. Failure to Comply with an Order or Signal of a Police Officer**

{¶42} R.C. 2921.331(B) states: "No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." A violation of this provision is a third-degree felony if the jury or judge as trier of fact finds by proof beyond a reasonable doubt that "[t]he operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(C)(5)(a)(ii).

{¶43} Pleasant contends that he "was not given a visible or audible signal to stop." He asserts that Chief Johnson "testified that he did not activate his lights or siren until after Pleasant was gone" and that "no other officer testified that [he] was signaled to stop while he was driving."

{¶44} Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that Pleasant received a visible or audible signal to stop the Corvette. The officers gave Pleasant a visible signal to stop the Corvette when they tried to box the Corvette in with their vehicles. Pleasant received this signal as evidenced by his evasive driving (driving between two cruisers and leaving 9th Street at a high rate of speed), and the Snapchat video in which he stated that he was

"on the run from the feds" and that "[t]hey tried to corner me in." Thus, we conclude there was sufficient evidence to support the failure to comply verdict and overrule the first assignment of error to the extent that it asserts otherwise.

**C. Theft of a Motor Vehicle**

{¶45} R.C. 2913.02(A)(1) states: "No person, with purpose to deprive the owner of property ... shall knowingly obtain or exert control over ... the property ... [w]ithout the consent of the owner or person authorized to give consent ...." R.C. 2913.02(B)(5) states: "If the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree." "Deprive" means to:

> (1) Withhold property of another permanently, or for a period that appropriates a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;
>
> (2) Dispose of property so as to make it unlikely that the owner will recover it;
>
> (3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return for the money, property, or services, and without reasonable justification or excuse for not giving proper consideration.

R.C. 2913.01(C).

{¶46} Pleasant suggests the State did not prove he drove the Corvette without grandfather's consent on October 26, 2022. Pleasant suggests he had consent because he had a relationship with grandfather and had driven the Corvette before. He also asserts that there is no evidence he acted with purpose to deprive grandfather of the Corvette.

{¶47} Viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found Pleasant, with purpose to deprive grandfather of the Corvette, knowingly obtained or exerted control over the Corvette without his consent. Evidence suggests grandfather never consented to Pleasant driving the Corvette. Although the family friend had seen Pleasant driving the Corvette, grandfather was not with him. Mother testified that the Corvette was grandfather's dream car, and to her knowledge, no one

> had permission to drive it. Moreover, evidence indicates that grandfather and Pleasant had a strained relationship prior to grandfather's death, in part because grandfather believed Pleasant had stolen from him. Even if grandfather previously gave Pleasant permission to use the Corvette, such permission necessarily ended once Pleasant murdered him. And given the evidence that Pleasant murdered grandfather and then took the Corvette and used it to flee from law enforcement at the scene of the murder, one could reasonably infer that he acted with purpose to withhold the Corvette permanently. Thus, there was sufficient evidence to support the theft of a motor vehicle verdict, and we overrule the remainder of the first assignment of error.

*State v. Pleasant, supra.*

The Fourth District thus decided Petitioner's insufficiency of the evidence claim on the merits. When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Cunningham v. Shoop,* 23 F.4th 636, 650 (6th Cir. 2022); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000) *Hendrix v. Palmer*, 893 F.3d 906, 917 (6th Cir. 2018). Deference is also due under 28 U.S.C. § 2254(d)(2) unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order

for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *Smith v. Nagy*, 962 F.3d 192, 205 (6th Cir. 2020) (quoting *Jackson*). This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.* (quoting *Jackson*, 443 U.S. at 324). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. 237 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-

> evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). When reviewing a claim for sufficient evidence, a federal habeas court must apply a twice-deferential standard." *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012)(per curiam); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (per curiam). The federal courts do not make credibility determinations in reviewing

sufficiency of the evidence claims. *Brooks v. Tennessee,* 626 F.3d 878, 887 (6th Cir. 2010).

In overruling Pleasant's First Assignment of Error, the Fourth District applied the controlling United States Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979). Pleasant has failed to show that application was objectively unreasonable and it is therefore entitled to deference.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 3, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.